No. 51290.—Protests 37858–K, etc., of B. Filippone & Co., Inc., et al. (New York).

Opinion by KEEFE, J. It was stipulated that certain items of the merchandise consist of cheese similar in all material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706), Abstract 42146, and Abstract 48269. In accordance therewith it was held that an allowance of 2½ percent should have been made in the weight of the cheese by the collector in computing the duty thereon to compensate for the weight of the inedible coverings on the outside of the cheese. The protests were sustained to this extent.

No. 51291.—Protests 52232–K(A), etc., of Salvatore A. Laraja (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and following the decisions cited the following allowances were made to compensate for the weight of the inedible substance on the outside of the cheese: (1) 2½ percent for the cheese similar in all material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706), Abstract 42146, and Abstract 48269; and (2) 1 percent for the cheese similar to the Reggiano cheese the subject of *Scaramelli* v. *United States, supra.* The protests were sustained to this extent.

No. 51292.—Protests 94726–K, etc., of B. Bendin, Inc., et al. (New York).

Opinion by KEEFE, J. It was stipulated that certain items of the merchandise consist of cheese similar in all material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706) and Abstract 48539. In accordance therewith and following the decisions cited, wherein the court stated, upon authority of Abstracts 40880 and 41794, that the string surrounding the Provolone cheese was deductible as tare as a part of the inedible coverings, it was held that the cheese in question is dutiable upon the basis of the net weight of the cheese as returned by the United States weigher, not including the weight of the strings, less 2½ percent for inedible coverings. The protests were sustained to this extent.

No. 51293.—Protests 100462–K, etc., of Antolini & Co. et al. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and following the decisions cited the following allowances were made to compensate for the weight of the inedible substance on the outside of the cheese: (1) 2½ percent for the cheese similar in all material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706), Abstract 42146, and Abstract 48269; and (2) 1 percent for the cheese similar to the Reggiano cheese the subject of *Scaramelli* v. *United States, supra.* As to the cheese similar to that passed upon in *Kraft Phenix Cheese Corp.* v. *United States* (T. D. 47955), it was held that an allowance for the weight of the paper or foil, or both, should have been made by the collector from the net weight used in computing the duty thereon. The protests were sustained to this extent.